TRENHOLM, Comptroller, *v.* COMMERCIAL NAT. BANK.

*(Circuit Court, N. D. Iowa.* April 8, 1889.)

1. BANKS AND BANKING—NATIONAL BANKS—FORFEITURE OF CHARTER—PLEADING.

Rev. St. U. S. § 5239, declares that, "if the directors of any national banking association shall knowingly violate or knowingly permit any of the officers, agents, or servants of the association to violate any of the provisions of this title, all the rights, privileges, and franchises of the association shall be thereby forfeited." The title referred to is title 62, which embraces the subject of the organization, powers, duties, and liabilities of national banks. *Held* that, as the section only refers to acts done by the directors, or by the executive officers with the knowledge of the directors, an information seeking a forfeiture, which charges that the association did the act, is insufficient.

2. SAME.

In an information charging that "the banking association and the directors thereof did knowingly permit," etc., the allegation that the association, aside from the directors, permitted the doing of the alleged acts, tenders an immaterial issue, and should be stricken out on motion.

On Motion to Strike out Parts of Information.

Information filed by William L. Trenholm, comptroller, under Rev. St. U. S. § 5239, for the forfeiture of the charter of the Commercial National Bank of Dubuque.

*T. P. Murphy*, U. S. Dist. Atty., and *Wm. Graham*, for petitioner.
*E. McCeney*, and *J. H. Shields*, for defendant.

SHIRAS, J. The information filed in this cause contains some 24 articles, in which are set forth the facts relied upon as grounds for forfeiting the charter of the bank. They present, however, only two general grounds for such action, to-wit: That the bank had loaned amounts exceeding 10 per cent. of its capital to certain named parties or corporations, in violation of the provisions of section 5200 of the Revised Statutes; and that in certain statements of the condition of the bank forwarded to the comptroller of the currency a false statement of the amounts of loans, discounts, and overdrafts was included. In the articles, 19 in number, charging the loan of amounts in excess of 10 per cent. of the paid-in capital to the several parties named in the articles, it is averred that "the said banking association and the directors thereof did knowingly

permit the officers of said association to permit the total liabilities of [each article naming a different person or corporation] for money borrowed to exceed the one-tenth part of the capital stock," etc. In the article charging the making the false statement touching the resources of the bank it is averred that "the said banking association did knowingly violate the provisions of title 62 of the Revised Statutes," etc. This proceeding is based upon section 5239 of the Revised Statutes, which declares that "if the directors of any national banking association shall knowingly violate, or knowingly permit any of the officers, agents, or servants of the association to violate, any of the provisions of this title, all the rights, privileges, and franchises of the association shall be thereby forfeited." Title 62 embraces the subject of the organization, powers, duties, and liabilities of national banks. The declaration, therefore, that a violation of any of its provisions causes a forfeiture of the rights and franchise of the bank might seem, at first blush, to subject the life of the association to many hazards. But a more careful reading of the section shows that there is a limitation upon the acts which shall have the effect of forfeiting the franchise of the bank. A corporation ordinarily has two classes of officers in charge of its affairs,—the one being the directors or managers, who constitute the governing body, having the general superintendence of the concerns of the corporation; and the other constituting what may be called the "executive force" of the corporation. Thus, in case of a bank organized under the act of congress, there is found the managing board, composed of the directors, and the executive or operating force, composed of a cashier, teller, and other subordinate officers. The cashier is the chief executive officer, by whom, or under whose immediate direction, much the larger part of the daily transactions of the bank are carried on, and his acts, within the scope of his powers, are the acts of the corporation. Therefore there are many acts done in carrying on the business of the bank which are strictly corporate acts, and binding upon the association, which nevertheless were not directed nor caused to be done by the directors. Herein lies the limitation upon the violations of title 62, which defines or points out those which shall be deemed to be grounds for declaring a forfeiture of the charter. Acts done in connection with the corporate business by the cashier or other executive officers or agents of the bank may be violations of some of the provisions of title 62, but it does not follow that by reason thereof the charter can be forfeited. Being acts done by the executive officers within the general scope of their powers as such, they are corporate acts, and, in strict legal phraseology, may be declared to be acts done by the association, yet they would not constitute ground for forfeiting the franchise. Thus, if an information should charge that a given banking association had, through its cashier, violated the provisions of title 62 by loaning to a person named a sum in excess of one-tenth of its capital stock, it certainly could not be claimed that such an allegation was sufficient. The cashier, having general control over the matter of loans and discounts, in making such a loan would represent and bind the corporation, although such loan might be in excess of the statu-

tory limitation, and hence the act of making the loan could be declared to be the act of the association, but that would not meet the requirements of section 5239 of the Revised Statutes. Under that section nothing short of the action of the directors by either knowingly violating, or knowingly permitting the officers of the bank to violate, the provisions of the statute, will justify the forfeiture of the charter.

Violations of the statute on part of the executive officers or agents of the bank are not of themselves declared to be fatal to the continued existence of the corporation. The violation of the statute must have been committed by the directors, or have been knowingly permitted by the directors, before it is deemed to be of that grave character demanding a forfeiture of the charter as the punishment thereof. It is not, therefore, a sufficient averment in an information seeking a forfeiture of a bank charter to charge that the association committed a certain act, for that averment could be sustained by simply showing that the cashier or other officer of the bank had done the act complained of; and the act, being within the general scope of his powers, would be a corporate act. The averment in the information must charge either that the act was done by the directors, or that they knowingly permitted some one or more of the officers, agents, or servants of the association to do the act relied on as a violation of the statute. In the articles of the information now before the court, charging the making false statements in the reports of the condition of the bank forwarded to the comptroller, it is averred that the said banking association did knowingly violate the provisions of the statute, and that the associatian did make and transmit certain statements alleged to be false. There is no averment therein charging that the furnishing of such false statement was the act of the directors, or that they knowingly permitted such false statement to be made and forwarded by the cashier or other officer of the bank; and, lacking these essentials, these several articles do not show facts at all material to the subject of information, and the motion to strike the same from the information is sustained. In the remaining articles of the information the charge is that "the banking association and the directors thereof did knowingly permit," etc. If the directors knowingly permitted the officers of the bank to do acts in violation of the provisions of the statute, then it is immaterial whether the association also permitted the same. If it cannot be shown that the directors knowingly permitted the alleged violations of the statute, then it would be useless to prove that the association, through any of its other officers or agents, knowingly permited the doing of the acts in question. Hence the allegation that the banking association, aside from the directors, knowingly permitted the doing of the named acts, is tendering an immaterial issue. Upon the argument it was said that the allegation that the banking association knowingly permitted the doing of the acts charged to be violations of the statute could be treated as mere surplusage, and be disregarded. If the case had progressed to a final hearing without the objection being previously raised, the court might so view the matter, but when the objection is taken *in limine,* and the defendant has the right to

demand that the exact issue to be met should be made plain, it is the better practice to strike out of the pleading all allegations that are immaterial, but which may tend to confuse the issue to be tried. The statute itself makes plain what the information should charge as ground for a judgment forfeiting the charter. It must, by proper averment, show that in carrying on the business of the bank some act or transaction in violation of the provisions of title 62 of the Revised Statutes was done, and that the directors were either the doers thereof, or knowingly permitted it to be done by some officer, agent, or servant of the bank. The motion is therefore sustained in this particular.